STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
| --- | --- | --- |
| Three Church Street Expansion Permit | } | Docket No. 112-6-05 Vtec |
| (Appeal of Hummel) | } |  |
|  | } |  |

Decision and Order on Cross-Motions for Summary Judgment

Appellants Kermit and Barbara Hummel appealed from a decision of the Development Review Board (DRB) of the Village of Woodstock approving an application relating to an inn at Three Church Street. Appellants are represented by Thomas A. Zonay, Esq.; Appellee-Applicant Jack Maiden is represented by Thomas Hayes, Esq.; the Village is represented by Todd C. Steadman, Esq.

Appellee-Applicant applied in March of 2005 to amend the property's 1990 conditional use permit to expand seating at the restaurant to 33 seats, to remove a condition prohibiting the service of alcoholic beverages to restaurant guests, to revise the approved parking plan, and to remove two outdoor sheds to accommodate the proposed parking plan. Appellee-Applicant purchased the property in June of 2005. Both Appellants and Appellee-Applicant have moved for summary judgment. The following facts are undisputed unless otherwise noted.

The previous owner of the property, Eleanor C. Paine, died in April of 2004. Zoning approvals have been issued over time authorizing the property's use as an eleven-room inn with a twenty-seat restaurant, as follows: conditional use approval of the inn use (granted with conditions on October 1, 1990); expansion of the kitchen to the wall line previously established by the 1980 approval of the family room expansion (granted in 1984); expansion of the family room to fifteen feet[1] from the westerly lot line (granted in November of 1980); approval to operate a tourist home with ten rental rooms (granted in May of 1980), and approval of an earlier expansion of the kitchen (granted in 1975).

Prior to 1990, Appellee-Applicant's parcel was in the Low-Density Residential zoning district, which required a minimum side setback of fifteen feet. Zoning Regulations §3.52(c)(4) (1977 and 1980). The Zoning Regulations adopted in early 1990 placed the property in the Inn zoning district, which required minimum side setbacks of twenty-five feet. §310(E)(4) (1990); and see §311(F)(4) (1999).

Prior to 1990, the expansion of the building to fifteen feet from the side property line complied with the then-Zoning Regulations, as well as having received a permit. As of the adoption of the twenty-five-foot side setback in 1990, the property became

---

[1] The minutes and DRB decision state that the building is in fact only thirteen feet from the property line. Material facts are in dispute, or at least have not been established, as to whether the construction allowed in 1980 complied or did not comply with the setback in effect at the time.

nonconforming due to the noncompliance of the permitted structure with that side setback. See 24 V.S.A. §4303(14) and (15) (2004); In re Appeal of Miserocchi, 170 Vt. 320, 323-24 (2000); and see §607 (1999) ("all uses that in the future do not conform by reason of any subsequent amendment to these Regulations.")  As a nonconforming use (that is, an allowed use in a noncomplying structure), it is allowed to continue and to be maintained, but any expansion or alteration must be analyzed under the provisions of the Zoning Regulations relating to nonconforming uses and noncomplying structures.  §607.

In the present case, the April 27, 2005 application was only warned for "Design Review Approval," even though the minutes show that the DRB stated at the hearing that it was before the DRB for Design Review and Conditional Use approval, and even though the written decision purports to approve it for Design Review, Site Plan and Conditional Use approval (although without specifically addressing all the conditional use criteria or those in §607). In order for a DRB properly to take action on an application, it must warn the hearing so as to sufficiently inform the public of the subject matter of the hearing. In re Torres, 154 Vt. 233, 236 (1990). Because the DRB did not do so, we must remand the application to be rewarned and reheard under the standards in the Zoning Regulations applicable to the expansion of a nonconforming use, including the conditional use criteria.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Summary Judgment as to Question 3 is GRANTED, and Appellee-Applicant's Motion for Summary Judgment is DENIED as material facts are in dispute. As the DRB's proceedings were improperly warned, and as the application must be considered under the provisions of §607 relating to noncomplying uses and nonconforming structures, this matter must be and hereby is REMANDED to the DRB, concluding this appeal.

Any appeal from such future proceedings would be a new appeal with a new

docket number.  However, if Appellants again appeal from a decision rendered in such future proceedings, they may move the Court to apply the filing fee from the present appeal to that subsequent appeal, as the remand was not made necessary by any action of the Appellants; please make reference to the docket number of the present appeal in any such motion.

Done at Berlin, Vermont this 18th day of October, 2005

_____

Merideth Wright

Environmental Judge